# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMDI ABDEL MUNIM ABU KHALAF, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BERKSHIRE HATHAWAY ASSURANCE CORPORATION, et al., <br><br> Defendants. | Case No.: 3:25-cv-02246-H-JLB <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** <br><br> [Doc. No. 10.] |

On September 8, 2025, Plaintiffs Hamdi Abdel Munim Abu Khalaf and Aladdin Clairemont & MKT, Inc. ("Aladdin's Café") filed a motion to remand. (Doc. No. 10.) On September 22, 2025, Defendant AmGuard Insurance Company ("AmGuard") filed a response in opposition to Plaintiff's motion. (Doc. No. 12.) On September 26, 2025, Plaintiff filed a reply. (Doc. No. 13.)

The Court set a hearing on Plaintiff's motion for Monday, October 6, 2025 at 10:30 a.m. Pursuant to its discretion under Local Rule 7.1(d)(1), the Court determines that the motion is fit for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court denies Plaintiff's motion to remand.

///

## Background

The following factual background is taken from the allegations in Plaintiff's complaint, Plaintiff's memorandum of points and authorities in support of its motion to remand, and various declarations.

Defendant AmGuard is in the business of selling insurance and evaluating, adjusting, overseeing, and handling insurance claims. (Doc. No. 1-4, Compl. ¶ 7.) Plaintiff Aladdin's Café was insured under a commercial insurance policy issued by Defendant that provided coverage for property damage and lost business income, with a policy period from October 1, 2022 to October 1, 2023 (Policy No. ALBP356464) (the "Policy"). (Id. ¶ 19.) Plaintiffs are named insureds under the Policy. (Id. ¶ 20.) Plaintiffs allege an insurance bad faith action arising out of a first-party commercial insurance policy claim made by Plaintiffs that was wrongfully denied by Defendant on January 30, 2024. (Id. ¶ 18; Doc. No. 10-1 at 5.)

On July 8, 2025, Plaintiffs filed a complaint against AmGuard and Berkshire Hathaway Assurance Corporation, a New York corporation; Berkshire Hathaway Guard Insurance Companies, a Pennsylvania corporation; and Berkshire Hathaway Inc, a California Corporation (collectively, "Berkshire Entities") in the Superior Court of California, County of San Diego, alleging claims for: (1) breach of contract and (2) breach of covenant of good faith and fair dealing. (Id. ¶¶ 2-5, 60–83.)

On July 17, 2025, Defendant AmGuard met and conferred with Plaintiffs' counsel regarding dismissal of the Berkshire Entities from the State Action. (Doc. No. 10-2, Van Ginneken Decl. ¶¶ 15-16; Doc. No. 12-1, Maghareh Decl. ¶ 2.) On July 18, 2025, Plaintiffs filed and served a Request for Dismissal without prejudice as to the Berkshire Entities. (Id. ¶ 3; Doc. No. 10-2, Van Ginneken Decl. ¶¶ 17-19; Doc. No. 10-3, Ex. A at 3.)

On August 1, 2025, dismissal of the Berkshire Entities was entered by the court's clerk. (Doc. No. 12-1, Maghareh Decl., ¶ 5, Ex. 3 at 16-18.)

On August 20, 2025, Defendant AmGuard filed an answer to Plaintiffs' complaint. (Doc. No. 1-12, Answer; Doc. No. 2, Answer)

On August 29, 2025, Defendant AmGuard removed the action from state court to

the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. No. 1, Notice of Removal.) By the present motion, Plaintiffs move to remand the action back to state court on the basis that Defendant's notice of removal was untimely. (Doc. No. 10-1 at 11-14.)

## Discussion

### I. The Timeliness of Defendant's Notice of Removal

Plaintiff argues that the case should be remanded back to state court because Defendant's notice of removal was untimely under 28 U.S.C. § 1446(b). (Doc. No. 10-1 at 5, 11.) The default rule is that the party seeking removal must remove "within 30 days after the receipt . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). When the case stated by the initial pleading is not removable, Section 1446(b)(3) provides that:

> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). This presumption against removal "means that 'the defendant always has the burden of establishing that removal is proper.'" Id. (quoting Gaus, 980 F.2d at 566).

As Plaintiff notes, courts interpret the reference to "other paper" broadly. Rice v. Equifax Info. Svcs., LLC 2010 WL 128369, *2 (C.D. Cal. Jan. 11, 2010) (citing Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial §§ 2:914-20 (The Rutter Group 2009)). "Starting the 30-day clock under § 1446(b)(3) is more difficult than under § 1446(b)(1)." Blumberger v. Tilley, 115 F.4th 1113 (9th Cir. 2024) (citing Dietrich v. Boeing Co., 14 F.4th 1089, 1093 (9th Cir. 2021) (recognizing that § 1446(b)(3) "seems to require a greater level of certainty or that the facts supporting removability be

stated unequivocally"). The clock runs only upon receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Ninth Circuit has held that the "other paper must make a ground for removal unequivocally clear and certain" and provide information from which "a ground for removal may be 'ascertained'" to trigger § 1446(b)(3). Dietrich, 14 F.4th at 1093, 1095. This high bar "avoids bad-faith gamesmanship" by "preventing plaintiffs from strategically starting the removal clock without the defendants' realization." Blumberger, 115 F.4th at 1122 (citing Dietrich, 14.F4th at 1094).

Plaintiffs allege that Defendant AmGuard was "in possession of enough facts to support removal on at least two separate occasions." (Doc. No. 10-1 at 14.) Plaintiffs allege that the first occurred on July 17, 2025 when counsel for both parties conferred and Plaintiffs' counsel agreed to voluntarily dismiss the Berkshire Entities, and the second occurred on July 18, 2025 when Defendant was served with Plaintiffs' Request for Dismissal through One Legal. (Id.; Doc. No. 10-2, Van Ginneken Decl. ¶¶ **17-18 , Ex. D.**) Because Defendant had notice from these two occasions, Plaintiffs allege that Defendant filed its removal two weeks too late, missing the deadline of August 17, 2025, by filing on August 28, 2025. (Doc. No. 10-1 at 14; see also Doc. No. 1, Notice of Removal.)

In their response, Defendant alleges that their removal was timely given that the thirty-day period of removability only started when the dismissal of the Berkshire Entities was entered by the court's clerk on August 1, 2025. (Doc. No. 12 at 7; Doc. No. 12-1, Maghareh Decl., ¶ 5, Ex. 3 at 16-18.)

Plaintiffs' July 17, 2025 conference and July 18, 2025 Request for Dismissal did not provide "unequivocally clear and certain" support for removal under § 1446(b)(3). First, the July 17, 2025 conference did not trigger the thirty-day clock since the "other paper" providing grounds for removal must be one filed in state court. Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 775 (9th Cir.1989) ("The record of the state court is considered the sole source from which to ascertain whether a case originally not removable has since become removable"). Second, the July 18, 2025 Request for

Dismissal did not trigger the thirty-day clock since a state action "may not be removed until those [non-diverse] parties have been dismissed." Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices Training Fund v. J.A. Jones, 846 F.3d 1213 (9th Cir. 1988) (citing American Car & Foundry Co. v. Kettelhake, 236 U.S. 311 (1915)). Without the State Court's entry of dismissal, the Berkshire Entities were still active parties on the State Action docket. See Mertan v. E.R. Squibb & Sons, Inc., 581 F.Supp. 751, 753 (finding removal improper where a defendant had not yet been dismissed from the State action due to the State Court not having signed or filed a written Dismissal). Defendant could not have known "unequivocally" or with "certainty" that Plaintiff's Request for Dismissal would be granted by the State Court until it was signed and entered. Because Plaintiffs' Request for Dismissal was not signed and entered by the clerk until August 1, 2025, the thirty-day clock for removal was not triggered until August 1, 2025, meaning Defendant had until September 1, 2025 to file for removal. Here, Defendant's notice of removal was filed on August 28, 2025. Thus, Defendant's notice of removal was timely.

## II. Defendant's Alleged Gamesmanship

Plaintiffs argue that the Court should be wary of Defendant's removal due to it being "a weapon of procedural gamesmanship." (Doc. No. 10-1 at 15.) In particular, Plaintiffs allege that Defendant's removal "frustrated Plaintiffs' ability to develop their case" by "asserting that, due to removal, Plaintiff Aladdin's Café's discovery requests were no longer in effect." (Id.) Defendant responds that there are no facts to indicate any gamesmanship, especially since Defendant's assertion that "discovery must be reissued" adheres to federal procedural rules. (Doc. No. 12 at 13-14.) Plaintiffs rely on Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121 (9th Cir. 2013).

In Roth, the Ninth Circuit concluded that "a defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." Id. at 1125. Here, Defendant did not ignore pleadings or other documents from which removability could be ascertained. Rather, Defendant waited for the clerk's entry of dismissal before

filing its removal. (Doc. No. 12-1 at 13, Ex. 2.) Plaintiffs cannot show defendants' removal is untimely. Accordingly, although "the theoretical possibility of abusive gamesmanship remains," Roth, 720 F.3d at 1126, that is not what has happened in this case. As such, the Court denies Plaintiff's motion to remand the action back to state court.

## III. Plaintiff's Request for Costs

As part of Plaintiffs' motion to remand, Plaintiffs request an award of the costs and expenses incurred in bringing a motion to remand pursuant to 28 U.S.C. § 1447(c). (Doc. No. 10-1 at 15-16.) Section 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 552 (9th Cir. 2018) (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)). "Removal is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" Id.

"The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin, 546 U.S. at 140. The decision to award attorneys' fees under § 1447(c) is left to the district court's discretion. Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 446 (9th Cir. 1992).

Plaintiffs contend that they are entitled to fees and costs because Defendant lacked an objectively reasonable basis for seeking removal and removal was "wrong as a matter of law." (Doc. No. 10-1 at 15-16.) In response, Defendant contends that Plaintiff's request for costs and fees should be denied because removal was appropriate and compliant with

the law.  (Doc. No. 12 at 14.)  Specifically, Defendant asserts that Plaintiffs' fee request improperly assumes that Defendant should have speculatively removed the State Action before the dismissal of the Berkshire Entities had legal effect.  (Id.)

Based on the record currently before the Court, the Court cannot conclude that Defendant lacked an objectively reasonable basis for removing the case to federal court.  In fact, the Court finds Defendant's removal to be appropriate and timely.  As such, the Court, exercising its sound discretion, declines to award Plaintiff fees and costs under § 1447(c).

## Conclusion

For the reasons above, the Court denies Plaintiff's motion to remand.

**IT IS SO ORDERED.**

DATED: October 6, 2025

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT